UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

WOODROW FLEMMING,

        Plaintiff,

 -against-              9:11-CV-1026 (LEK/RFT)

GLENN GOORD; *et al.*,

        Defendants.
_____

## **DECISION and ORDER**

**I. INTRODUCTION**

 Currently before the Court in this *pro se* prisoner civil-rights action filed under 42 U.S.C. § 1983 is Plaintiff Woodrow Flemming's ("Plaintiff") Amended Complaint.  Dkt. No. 12 ("Amended Complaint").  For the reasons set forth below, Plaintiff's Amended Complaint is *sua sponte* dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**II. BACKGROUND**

 Plaintiff commenced this action by filing a civil-rights Complaint together with an Application to proceed *in forma pauperis*.  Dkt. Nos. 1 ("Complaint"), 2 ("IFP Application").  By Decision and Order filed December 20, 2011, the Court denied Plaintiff's IFP Application under 28 U.S.C. § 1915(g) because Plaintiff has "three strikes" and did not demonstrate that the "imminent danger" exception was applicable to this action.  Dkt. No. 5 ("December 2011 Order").  Upon Plaintiff's payment of the filing fee, the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915A.[1]  Plaintiff claimed that he filed his Complaint to reassert claims that he previously

---

[1] Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

raised in another action that he filed in this District, namely, Flemming v. Goord, No. 9:06-CV-1244 (N.D.N.Y. filed Oct. 12, 2006) (Kahn, J.) ("Flemming I"). Compl. at 1, 7-8. In a Decision and Order filed July 12, 2012, the Court *sua sponte* dismissed all of the claims set forth in the Complaint. Dkt. No. 11 ("July 2012 Order"). The July 2012 Order held, *inter alia*, that: (1) Plaintiff's retaliatory transfer claim arising out of his transfer from Walsh Regional Medical Unit ("Walsh RMU") to Upstate Correctional Facility ("Upstate") Special Housing Unit ("SHU") in April 2005 and all of his claims against the Walsh RMU Defendants (which all arose prior to his transfer out of Walsh RMU in April, 2005) were barred by the applicable statute of limitations; (2) Plaintiff failed to state a claim for a continuing violation; (3) Plaintiff failed to allege personal involvement in any wrongdoing by Reginald Bishop, Andrew J. Bouchey, Gary Brian, Robert R. Clintsman, Kirk Crossett, Henry Dobbis, Guy R. Falcon, Franklin County, Michael Gokey, Jerry E. Laramay, Kelvin Premo, Donald Selsky, Gary G. Thanatt, Marie Tirone, Donald Uhler, Goord, Fischer, Boucard, and Wright; (4) Plaintiff failed to state a claim against Defendants Wissman, Smith, Tichenor, Waterson, Buffham, and Proof; and (5) the remainder of Plaintiff's Complaint consisted

> of a series of conclusory statements, both legal and factual, about supervisory liability, municipal liability, and Plaintiff's inadequate conditions of confinement in Upstate SHU. . . . These remaining allegations [were] asserted in wholly conclusory terms, and [were] non-specific as to when or where they occurred or which defendants might be responsible for the alleged wrongdoing. Thus, the [remaining] allegations [were] simply too vague to provide any sort of notice of a claim against any particular Defendant.

July 2012 Order at 5-12. Thus, the Court concluded that Plaintiff's Complaint was subject to dismissal under § 1915A(b) for failure to state a claim upon which relief may be granted. Id. at 13-14. In light of his *pro se* status, Plaintiff was afforded an opportunity to submit an amended complaint. Id. at 13.

---

complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."

### III.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, "[t]he court must review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b) (2006); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (holding that § 1915A applies to all actions brought by prisoners against government officials even when the plaintiff paid the filing fee).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Federal Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009).

3

While *pro se* parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have a[ ] . . . need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." Id. at 364. A complaint is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## IV.   DISCUSSION

The Amended Complaint includes allegations against more than one hundred Defendants regarding events that allegedly occurred between April 2005 and July 2012 at Walsh RMU and Upstate SHU. See generally Am. Compl. The gravamen of Plaintiff's Amended Complaint is that his constitutional rights were violated at Walsh RMU prior to April 2005; he was transferred from Walsh RMU in April 2005 to Upstate SHU in retaliation for his complaints and grievances against staff at Walsh RMU; and his constitutional rights were violated at Upstate SHU beginning with his transfer there in April 2005 and continuing up until July 2012. Id. Plaintiff claims that in January 2011 he discovered for the first time that he was supposed to be transferred to the Mid-State Correctional Facility Medical Unit in April 2005. Id. at 5-7. Plaintiff claims that the Defendants instead had him transferred to Upstate SHU in April 2005 in retaliation for his complaints and grievances. Id. Plaintiff alleges that he is still suffering the consequences of the April 2005 retaliatory transfer while confined in Upstate SHU. Id. at 26-55. For a complete statement of Plaintiff's claims, reference is made to the Amended Complaint.

**A. Claims Against the Walsh RMU Defendants and Relating to the April 2005 Transfer from Walsh RMU to Upstate SHU**

As stated in the July 2012 Order, Plaintiff's claims against the Walsh RMU Defendants that occurred at Walsh RMU prior to April 2005[2] and his claims relating to the alleged retaliatory transfer from Walsh RMU to Upstate SHU in April 2005[3] are barred by the three-year statute of limitations applicable to civil-rights actions filed in federal court in New York State. See July 2012 Order at 5-6. In his Amended Complaint, in an attempt to overcome the time-bar, Plaintiff states that he "invokes the benefit of equitable tolling or equitable estoppel." Am. Compl. at 5.

In support of his contention that he is entitled to equitable tolling or equitable estoppel, Plaintiff alleges that he did not have the necessary "evidence" to raise his retaliatory transfer claim prior to January 28, 2011.[4] Am. Compl. at 5. Plaintiff states that he "could not raise what he did not [k]no[w]." Id. at 7. He claims that he did not know that there was "a special request" that Plaintiff be

---

[2] Plaintiff alleges, *inter alia*, that in 2005, the Walsh RMU Defendants subjected him to excessive force in retaliation for filing a state court action; denied him medical treatment for the injuries suffered from the use of force; issued him a false misbehavior report; and denied him due process at a disciplinary hearing. Am. Compl. at 21-23.

[3] Plaintiff claims that the Walsh RMU Defendants conspired with Defendants at Upstate and at the New York State Department of Corrections and Community Supervision to arrange for this transfer. Am. Compl. at 16.

[4] The "evidence" that he refers to is a letter that he received from the New York State Attorney General's office dated January 28, 2011 and a computer print-out dated in April 2005 that was attached to the letter. Am. Compl. at 67-68. The letter and the print-out were provided to Plaintiff in the course of discovery in another action Plaintiff had filed in this District, namely, Flemming v. Wurzberger, No. 9:09-CV-1242 (N.D.N.Y. filed May 16, 2005). The letter and the print-out appear to indicate that Plaintiff was transferred in April 2005 to Upstate SHU because he was sentenced to serve time in keeplock or SHU for violent conduct, harassment, and threats. Am. Compl. at 67-68. None of this information entitles Plaintiff to invoke equitable tolling or equitable estoppel for any of his claims that arose in April 2005 or earlier.

transferred to the "Midstate medical infirmary [or that defendants] violated the transfer order request."[5] Id. Even if the Court accepts as true that on January 28, 2011, Plaintiff obtained new evidence in support of his retaliatory transfer claim, this does not change the fact that his April 2005 retaliatory transfer claim is time-barred. As the July 2012 Order stated:

> In applying the doctrine of equitable tolling, this Circuit "has made an important distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." Here, Flemming was obviously aware of his cause of action for retaliatory transfer at the time of the 2005 transfer, and not only could have sued Defendants, but he actually did so. Like the plaintiff in *Paige*, Plaintiff appears to claim that he has more persuasive evidence of his retaliatory transfer claim, not a newly discovered awareness of a cause of action previously concealed. Since Plaintiff knew of and brought a retaliatory transfer cause of action shortly after it accrued in 2005 (by filing [Flemming I]), any suggestion that the discovery of "new evidence" to support the alleged merits of that claim would toll or reset the statute of limitations is wholly unfounded.

July 2012 Order at 7 (internal citations omitted).

Second, Plaintiff claims that since he did not have the information contained in the January 28, 2011 letter when he filed Flemming I, he could not raise the retaliatory transfer claim. Am. Compl. at 5. The amended complaint filed by Plaintiff in Flemming I, however, makes it abundantly clear that Plaintiff was aware of the retaliatory transfer claim when he brought that lawsuit, and indeed he explicitly raised the claim. See Flemming I, No. 9:06-CV-1244, Dkt. No. 5 at 12 (alleging that Walsh RMU defendants Rosadro, Dr. Sharma, Dr. Burdick, Nurse Bates, Nurse O'Bryant, Lt. Mitchell, C.O. Louise Russo, C.O. Durrante "retaliated by moving the plaintiff to a max jail on or about April 4, 2005").

With respect to Plaintiff's conditions-of-confinement claims against the Walsh RMU

---

[5] Under "explanation for transfer," the computer print-out states "transfer is requested for infirmary placement." Compl. at 67. However, the print-out also states "unsuitable-medical," citing Plaintiff's disciplinary history, and directs his transfer to Upstate. Id.

Defendants that occurred prior to April 2005, Plaintiff's alleged "new evidence" bears no relation to Plaintiff's claims that the Walsh RMU Defendants subjected him to excessive force or denied him medical care and due process. Therefore, it does not provide any basis for equitable tolling or equitable estoppel for these claims.

To the extent that Plaintiff attempts to assert that the continuing-violation doctrine saves his otherwise untimely retaliatory transfer claim, or any claim against the Walsh RMU Defendants, on the theory that he is still suffering the consequences of the alleged 2005 retaliatory transfer, the Court has already concluded that the continuing-violation doctrine is not applicable on the facts presented. See July 2012 Order at 8. Plaintiff's Amended Complaint does not include anything to alter this conclusion.

Plaintiff has presented nothing in the Amended Complaint to demonstrate that his claims against the Walsh RMU Defendants or claims relating to the alleged retaliatory transfer from Walsh RMU to Upstate SHU in April 2005 are timely filed. Thus, all of the aforementioned claims (Plaintiff's first through eighth causes of action) are time-barred and dismissed with prejudice.

### B. Remaining Claims

In light of Plaintiff's *pro se* status, the Court has examined the Amended Complaint carefully to determine whether Plaintiff's remaining claims state a claim for relief. See Am. Compl. at 26-56 (ninth through twenty-ninth causes of action). However, the Court is not able to discern either a factual or legal basis for those claims or this action.

The remainder of Plaintiff's Amended Complaint sets forth only vague and conclusory allegations that multiple Defendants have violated Plaintiff's constitutional rights at Upstate SHU

between April 2005 and July 2012.[6]  See Am. Compl. at 25-56.  While Plaintiff refers to extensive lists of Defendants for some of his claims, he does not provide a single reference to any specific action taken by a specific Defendant.  Indeed, Plaintiff's remaining claims amount to nothing more than legal conclusions that dozens of Defendants violated his constitutional rights, but those conclusions are unsupported by any facts.[7]

In his ninth cause of action, Plaintiff asserts that: (1) from April 5, 2005 until July, 2008, forty-two Defendants tortured, threatened, and harassed him; subjected him to cruel and unusual conditions of confinement; and denied him a rule book, the use of his cane, and due process; and (2) between May 2008 until July 2012, he was tortured; retaliated against; denied due process; not given a rule book or his walking cane; subjected to cell searches; deprived of his legal work; and denied access to the grievance process by forty-six Defendants.  Am. Compl. at 26-31.  Plaintiff's claims against these Defendants are set forth in wholly conclusory fashion and consist of nothing other than legal conclusions that are unsupported by any factual allegations that might even suggest that one or more of these Defendants was personally involved in conduct that violated Plaintiff's statutory or constitutional rights.  "[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning."  See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987); Wright v.

---

[6] The claims which arose prior to August 19, 2008 (three years before Plaintiff commenced this action) are likely barred by the applicable three-year statute of limitations for § 1983 claims.

[7] The Amended Complaint includes twenty-nine causes of action.  Many of Plaintiff's purported "causes of action" are not actual claims but merely recitations of elements of a claim, and do not identify a single Defendant to whom any wrongdoing could be attributed.  See, e.g. Am. Compl. at 20 (sixth cause of action alleging that all defendants acted under color of state law), 35 (thirteenth cause of action alleging state action and municipal liability), 37-39 (sixteenth cause of action alleging municipal liability and custom and policy), 40-43 (seventeenth and twenty-first causes of action alleging atypical and significant hardship, and nineteenth cause of action alleging state action), 52 (twenty-eighth cause of action alleging municipal liability and state action).

Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citations omitted)).  Thus, Plaintiff fails to state a claim against Defendants named in the ninth cause of action that is cognizable under § 1983.

In his tenth and eleventh causes of action, Plaintiff names twenty-six Defendants, claiming that, as supervisors, they are liable for his wrongful confinement and the inadequate conditions of confinement in Upstate SHU, including his being subjected to torture, harassment, retaliation, and threats, and being denied due process and a rule book.  Id. at 32-34.  Plaintiff's twenty-ninth cause of action identifies twenty-nine supervisory Defendants and claims that they are all responsible for all of the wrongdoing of their subordinates.  Id. at 53-55.  These allegations, apart from being totally lacking in any factual support, are grounded simply on the basis of respondeat superior, and therefore fail to state a claim against these supervisory Defendants.  See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (holding that a supervisor cannot be liable for damages under § 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under § 1983).

Plaintiff's twelfth, fourteenth, fifteenth, eighteenth, twentieth, and twenty-second through twenty-seventh causes of action appear to assert, in wholly conclusory terms, claims for breach of contract; violations of constitutional rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution; and violations of state laws.  Id. at 34, 36, 39-40, 44-51.  However, Plaintiff does not identify a single Defendant as responsible for the alleged violations nor does he assert a single fact in support of his legal conclusions that his rights were violated.[8]  Plaintiff therefore fails to state any

---

[8] Plaintiff alleged many similar claims, in equally conclusory form, in his Complaint.  For example, Plaintiff alleged that he was placed in Upstate SHU without due process; his confinement in Upstate SHU imposed an atypical and significant hardship upon him; he has been denied periodic review of his disciplinary confinement; he has been confined in SHU without a rule book; and he has been placed on the disciplinary diet in SHU.  Compl. at 23-26.  The July 2012 Order dismissed those

cognizable claim.

In sum, Plaintiff's remaining allegations (as set forth in the ninth through twenty-ninth causes of action) consist of a series of factual and legal conclusions, and are generally nonspecific as to when they occurred[9] or which Defendants might be responsible for the alleged wrongdoing. Significantly, most of these allegations are not attributed to an identifiable individual, but rather to large groups of Defendants. Thus, the allegations are simply too vague to provide any particular Defendant "fair notice" of the grounds upon which Plaintiff's claims are based. Plaintiff's Amended Complaint therefore falls far short of meeting the standards set forth in Rule 8, and accordingly fails to state a claim upon which relief may be granted. See Iqbal, 556 U.S. at 678.

While recognizing that Plaintiff is proceeding *pro se* and that this requires the Court to construe his pleadings liberally, the Court finds that these allegations are wholly insufficient to state any plausible claim for relief or to allow a Defendant to make a reasonable response. Under these circumstances, the Court concludes that the remainder of the Amended Complaint fails to state a claim upon which relief may be granted and is subject to dismissal under 28 U.S.C. § 1915A.

**C. Nature of Dismissal**

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. Abascal v. Hilton, No. 04- CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J.); Shuler v. Brown, No. 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y.

---

claims with leave to amend and advised Plaintiff that such conclusory allegations would not suffice.

[9] Plaintiff identifies most of the wrongdoing as spanning years. The few times that Plaintiff does identify alleged wrongdoing by date, he fails to indicate which Defendant is responsible for the alleged misconduct. See, e.g., Am. Compl. at 44.

Mar. 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.").

Moreover, an opportunity to amend is not required where the defects in the Plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that the denial of leave to amend is not abuse of discretion where amendment would be futile). This rule applies even to *pro se* plaintiffs. See, e.g., Cuoco, 222 F.3d at 103; Brown, 1997 WL 599355, at *1.

While the special leniency afforded to *pro se* civil-rights litigants somewhat loosens the procedural rules governing the form of pleadings, see Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Federal Rule of Civil Procedure 8, 10, and 12, see Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (holding that the liberal pleading standard set forth in Haines, 404 U.S. 519, did not save a *pro se* complaint from dismissal for failing to comply with Rule 8). Rather, as both the Supreme Court and Second Circuit have repeatedly stated, the requirements set forth in Rules 8, 10, and 12 are procedural rules that even *pro se* civil-rights plaintiffs must follow. See, e.g., McNeil v. U.S., 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (holding that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law"). When a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." Jackson v.

11

Onondaga Cnty., 549 F. Supp. 2d 204, 214 n.28 (N.D.N.Y. 2008).

For all of the foregoing reasons, and because Plaintiff has already had one opportunity to amend his claims, Plaintiff's Amended Complaint is dismissed in its entirety under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Because they are time-barred, the claims asserted in Plaintiff's first through eighth causes of action are dismissed with prejudice. Plaintiff's remaining claims asserted in the ninth through twenty-ninth causes of action are dismissed without prejudice, without leave to amend.[10]

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED** in accordance with this Decision and Order. Plaintiff's first through eighth causes of action are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) as time-barred. Plaintiff's remaining claims (the ninth through twenty-ninth causes of action) are **DISMISSED without prejudice** under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, **without leave to amend**; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED**.

DATED:        January 28, 2013

---

[10] Plaintiff has already been afforded one opportunity to amend herein. Moreover, in several other actions that he filed in this District, Plaintiff alleged claims very similar to the claims in the ninth through twenty-ninth causes of action. Those claims, some of which were asserted against some of the same Defendants in this Amended Complaint, were equally conclusory and unsupported by facts, and were thus dismissed for failure to state a claim. See, e.g., Flemming v. Wright, No. 9:11-CV-0804, Dkt. No. 21, Decision and Order at 5-11 (N.D.N.Y. filed June 28, 2012); Flemming v. Goord, No. 9:11-CV-1022, Dkt. No. 10, Decision and Order at 13-18 (N.D.N.Y. filed Aug. 10, 2012). Thus, Plaintiff is well aware of his obligation to allege his claims in nonconclusory fashion and will not, therefore, be given a second opportunity to amend any claims in this action.

Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge